914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael RAMBUS, Defendant-Appellant.
 No. 90-1229.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1990.
 
 Before BOYCE F. MARTIN, Jr., and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Rambus appeals his conviction for unlawful distribution of controlled substances, asserting that the government's delay in seeking an indictment violated his due process rights. For the following reasons, we affirm.
 
 
 2
 Michael Rambus was a pharmacist licensed to practice in Michigan. He owned and operated the McMillian Drug Company, a pharmacy located in Huntington Woods, Michigan. On September 27-28, 1984, as well as various other dates, Rambus filled multiple prescriptions for controlled substances for drug dealers. The presentence report revealed that Rambus filled over 300 illegal prescriptions for a total of 19,850 doses of controlled substances.
 
 
 3
 On June 25, 1985, the state of Michigan initiated action to revoke Rambus's pharmacy license and close McMillian Drugs. Subsequently, the state revoked his pharmacy license, closed the pharmacy, and imposed a $30,000 fine.
 
 
 4
 The federal grand jury investigation of Rambus was part of a lengthy, complicated multi-defendant investigation in another case. On December 17, 1985, Ronald Frazier and Patricia Flynn appeared before the grand jury and testified that they had purchased controlled substances from Rambus by submitting false prescriptions. Frazier was a co-defendant in the other drug case and testified pursuant to his guilty plea agreement.
 
 
 5
 On September 27, 1989, Rambus was indicted on charges of conspiracy to illegally distribute controlled substances from 1982 to January 31, 1985, and unlawful distribution of prescription drugs on September 27-28, 1984. The indictment was filed one day before the applicable five-year statute of limitations expired.
 
 
 6
 Rambus filed a motion to dismiss the charges, asserting that the delay severely prejudiced his ability to defend himself because two potential defense witnesses, both former pharmacy employees, had died in the interim. The district court denied the motion, finding that neither prospective witness could have provided probative evidence as to the offenses charged in the indictment. Rambus subsequently entered into a plea agreement with the United States. He pled guilty to one count of unlawful distribution of controlled substances, for which he was sentenced to three years of probation and a $15,000 fine, but reserved his right to appeal the denial of his motion to dismiss. It is the district court's denial of his motion to dismiss that Rambus now appeals.
 
 
 7
 To establish a due process violation based on pre-indictment delay, a defendant must show that: (1) the delay resulted in substantial actual prejudice; and (2) the delay was an intentional device to gain a tactical advantage. United States v. Lovasco, 431 U.S. 783, 789-90 (1977); United States v. Talbot, 825 F.2d 991, 998 (6th Cir.1987), cert. denied, 484 U.S. 1042 (1988). Rambus has failed to establish either of these criteria. The first of Rambus's two lost witnesses was Conrad Deevey, the relief pharmacist who substituted when Rambus did not work. Deevey died on July 31, 1985, only 10 months after the substantive offenses were committed and over five months before the grand jury testimony of Frazier and Flynn. The other potential witness was Margaret Taylor, a clerk at the pharmacy who died on May 24, 1989. Neither of them were present during the illegal drug sales on September 27-28 or during Rambus's meetings with two drug dealers, both of whom were in a position to testify as to their arrangement with Rambus. Nor could either potential witness have established that the filling of fictitious prescriptions was within legitimate pharmacy practice. It is therefore clear that Rambus has not shown substantial actual prejudice.
 
 
 8
 In addition, Rambus has not even alleged that the delay was intentional and for the purpose of gaining a tactical advantage. He argues that this requirement is unnecessary when there is no legitimate reason for the delay. There is simply no legal support for his assertion. If anything, Rambus was probably advantaged by the delay. He was able to present the court with almost five years of crime-free behavior to show that he was rehabilitated. In fact, the sentencing judge indicated that he was giving Rambus a break because of the delay in bringing the case to court. Rambus was fortunate not to get a prison sentence.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.